518

Kewaunee County, Appellant, vs. Door County, Respondent.

*September 12—October 10, 1933.*

*L. W. Bruemmer,* district attorney of Kewaunee county, for the appellant.

*Grover M. Stapleton,* district attorney of Door county, for the respondent.

Fowler, J.   This case involves the construction of sub. (1a) of sec. 81.14, Stats. 1931, which provides that:

"If any county refuses, fails or neglects to aid in putting in reasonable condition for travel any public highway which is a county line highway, the adjoining county or counties may, after not less than twenty days' notice in writing has been given to the county clerk of such county or counties, proceed to put such road in reasonable condition for travel and keep an accurate account of the expense thereof.   Such expense when audited and allowed by the county board, shall be prorated and charged to such county or counties whose duty it is to keep such road in reasonable condition for travel.   Such county or counties may then charge such expense to the town or towns whose duty it is to keep such highway in repair, and add it to the next county tax, apportion it thereto and collect it therewith."

The subsection was enacted as an entirely new provision by ch. 401, Laws of 1929.   Theretofore the only provision relating to compulsory construction or repair of county line highways was sec. 81.14, Stats. 1927, which was left unchanged, except by the added subsection.   The statute long antedated the enactment of the statutes establishing the county trunk system of highways.   It originally, sec. 1338, R. S. 1878, as amended by ch. 531, Laws of 1911, applied only to "any town, or towns in case of a town line highway."   Ch. 766, Laws of 1913, added to the statute next

after the words above quoted the clause "whether wholly within one county or upon the line between two or more counties," and inserted provisions covering situations arising under the added clause. The method of compelling action provided by the statute before the 1929 amendment was slow and cumbersome, as it involved a petition by fifteen freeholders and appeal to the county board. The 1929 amendment was obviously made to provide a prompt and effective compulsory procedure and to meet a pressing need. It should be given effect according to its plain terms, unless the constitutional objection next considered prevents.

The respondent, while not appealing from the judgment below, urges that the judgment should not be increased because the statute upon which it is based is unconstitutional for violation of sec. 23, art. IV, of the state constitution, which provides for the establishment of "but one system of town and county government, which shall be as nearly uniform as practicable." The argument is that the statute "exposes towns bordering on a county line to a tax hazard" different from that to, which interior towns are exposed. It is to be noted that the provision is a subsection of sec. 81.14 in the chapter of the statutes relating to "Town Highways." Sub. (1) and (3) of the section provide a method for compelling the opening and putting in condition for travel of town line highways and the repairing of them in case they are permitted to fall into disrepair. Under these subsections each town bears the expense of construction and repairs on the part of the town line road apportioned to it to construct and maintain, and in the apportionment of such roads for this purpose the division is presumably so made as to impose the expense of construction and maintenance equally. The same is done by the last sentence of sub. (1a) of the statute. It is also to be noted that sub. (1a) applies to all county line highways whether county trunk roads or town line roads not on the county trunk system. It may be that

the last sentence of the subsection was intended to apply to the latter class of roads only, but that question is not now before us. At any rate the statute applies everywhere throughout the state to counties and towns in like situation and we perceive no violation of the provision of the constitution requiring uniformity of town and county government.

The facts involved are as follows: A county line road exists between the two litigating counties which had been duly adopted by each county as a part of its county trunk system of highways. A stretch of this road two and a half miles long crosses a swamp. At each end of the swamp the road had been improved by widening and surfacing and the counties had divided equally the expense of the improvement. The road across the marsh was concededly unfit for travel and had been closed for traffic by warning signs prior to any action taken by the plaintiff county for its improvement. It was a corduroy road, eight to ten feet wide, with numerous deep holes in the surface and brush overlapping the traveled track. It was somewhat crooked and contained two narrow bridges. There were no residents along the portion of the road involved and there was not much travel thereon. A connected road paralleled the county line road across the swamp a mile north and another two miles south. The plaintiff county duly notified the defendant of its purpose to put the road in condition for travel and requested its aid and co-operation. The defendant refused the request and claimed non-liability. After waiting the statutory time for the defendant to act the plaintiff made the improvement involved, keeping accurate account of the expense thereof. On completion it duly filed its claim for one-half of such expense with the county clerk of the defendant. The defendant refused payment. The county board of the plaintiff duly authorized the commencement of this suit to collect the amount claimed.

The total cost of the improvement was $14,988.03 and the amount claimed by the plaintiff is one-half thereof or $7,494.04. Upon trial before the court without a jury the learned circuit judge found that the work done by the plaintiff was more than was necessary to put the road in reasonable condition for travel; that the cost of putting it in such condition would have been only $7,652.80 and entered judgment for one-half that sum or $3,876.40 with interest. The appellant claims the court erred in not allowing one-half the actual cost of the improvement.

The highway committee of the plaintiff county under authorization of the county board determined what was necessary to put the road in reasonable condition for travel and carried out the improvement as determined. They applied to the state highway commission for a plan of the proposed improvement which was furnished and the work was carried out according to this plan. There is no proof or claim that the committee did not act in entire good faith and according to their judgment, or that the total expense of the improvement was not as claimed by the appellant.

County highway committees have extensive powers. When duly authorized by the county board their powers respecting details of road improvements and maintenance are as extensive as those of the county board itself. Sub. (3) of sec. 82.06, Stats., empowers them "to enter into contracts and make arrangements necessary for proper construction and maintenance of highways." Sub. (6) empowers them "to perform such other duties delegated by the county board." The highway committee of the plaintiff county were thus empowered to determine the extent and method of the proposed improvement—to determine what was necessary to put the road "in reasonable condition for travel." Their determination of the matter is as forceful and entitled to the same freedom from interference by the court as the same determination would be had it been made by the county

board itself. Courts will not interfere with the actions of county boards within the powers conferred upon them by statute "on the ground that they are characterized by lack of wisdom or sound discretion;" they will interfere only in cases of fraud or arbitrary action; and county boards "have a wide or at least a reasonable discretion" when so acting. 15 Corp. Jur. p. 456, § 102; Id. p. 420, § 52, and cases cited.

Reviewing the acts of the highway committee of the plaintiff county with this rule and the facts of the case in mind, the court should consider that the road involved is a county trunk road, and should consider the statutes relating to such roads and the purpose of their enactment. The legislature provided for the establishment of county trunk roads with especial view to their improvement. The legislative purpose was to induce improvement of such roads, to secure the betterment required for the rapidly and ever increasing automobile traffic. It is the duty of the county to maintain such roads when established. Sec. 83.01 (6). Sec. 83.03 provides for the improvement of such roads, and empowers county boards to determine when and how to improve them. These roads are a part of the "county system of prospective state highways." Sec. 83.01 (1); sec. 83.01 (6), Stats. The state highway commission is empowered "To make regulations for the survey, plans, construction and inspection of all roads and bridges upon . . . the county system of prospective highways . . . and enforce such regulations." Sec. 82.02 (3), Stats. On request of any county highway committee any engineering work necessary in connection with improvement by any county under ch. 81 or 83, Stats., may be done by the commission and charged at cost to the county. Sec. 82.02 (2), Stats. This subsection also provides that the commission shall advise counties "with regard to the construction and maintenance of any road or bridge, when requested," and this implies that a county, or a county highway committee acting for it, may

request such advice and act upon it when given. The plan of the work involved was prepared by the state highway commission. It was under the evidence in conformity with the general plan of that commission for the county trunk system of roads, which is for a twenty-six foot roadway surfaced with gravel to a width of twenty feet, and it conformed to the existing improvement of the road at both ends of the strip improved.

The learned circuit judge was of opinion that a twenty-foot roadway surfaced with gravel for sixteen feet was sufficient to put the road in reasonable condition for travel; that it was unnecessary to widen the bridges on the strip or put in culverts; that the amount paid to the state highway commission for plans and services was excessive, and cut the allowance for the improvement accordingly. He considered that the roadbed was not built unnecessarily high, and that it was not graveled to an unnecessary depth. He approved and disapproved in other minor respects and directed payment under the statute for one-half of his estimated expense of improving the road according to what in his judgment was sufficient to put it in proper condition.

We are of opinion that in substituting his judgment as to what was proper to put the road in a reasonable condition for travel for the judgment of the county highway committee the learned judge was in error, and that judgment should be entered in accordance with the prayer of the complaint.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to enter judgment as indicated in the opinion.