GEORGE H. HANDY, M.D., State Health Officer
You advise that the Rock County Board of Supervisors established a Division of Environmental Protection and placed the direction of the Division's work under its Planning and Zoning Committee. You inquire whether the Board has the authority to place a county sanitarian and others employed to perform environmental sanitation work under the direction and supervision of a county committee other than the County Health Committee as sec. 141.06 (1) and (2), Stats., seems to require.
The controlling statute in this matter is sec. 59.15 (2), Stats., which reads in part: *Page 208 
"APPOINTIVE OFFICIALS, DEPUTY OFFICERS AND EMPLOYES. (a) The board hasthe powers set forth in this subsection and sub. (3) as to any office,board, commission, committee, position or employe in county service
(other them elective offices included under sub. (1), supervisors and circuit judges) created under any statute, the salary or compensation for which is paid in whole or in part by the county, and the jurisdiction and duties of which lie within the county or any portion thereof and the powers conferred by this section shall be in addition to all other grants of power and shall be limited only by express language.
"(b) The board may abolish, create or re-establish any such office,board, commission, committee, position or employment, and may transferthe functions, duties, responsibilities and privileges to any otheragency including a committee of the board except as to boards of trustees of county institutions. * * *"
A committee or a position of employment "created under any statute" are established by resolution or ordinance of the county board. This method of creation is to be distinguished from the situation where a statute or a constitutional provision creates an office or a board.
Neither the employment of a county sanitarian nor the establishment of a county health committee is imposed by statute. Both must be effected by resolution or ordinance. Secs. 141.01 and 141.06, Stats. Thus, unlike the duties of a sheriff or judge, the duties of an ordinary committee or employe are subject to modification in accordance with the provisions of sec. 59.15 (2) (a), Stats. The county board, after all, is the repository of legislative power for a given jurisdiction. The committees through which it chooses to operate is a matter of internal housekeeping, particularly in the field of environmental protection.
Well before sec. 59.15, Stats., appeared in its present form, our Supreme Court declared that county boards have a wide or at least a reasonable discretion when acting within the powers conferred upon them by statute. Kewaunee County v. Door County (1933), 212 Wis. 518,250 N.W. 438. Applying *Page 209 
the indicated, and perhaps outmoded, test of reasonableness to the action of the Rock County Board of Supervisors in this matter, there appears to be no abuse of discretion. A zoning and planning committee created under sec. 59.97, Stats., is accorded extensive responsibilities in environmental control over such items as water drainage, sewers, refuse, waste and pollution to "promote public health, safety, convenience and general welfare." Moreover, if a county wishes to zone shorelands on navigable waters under sec. 59.971, Stats., the purposes are deemed to embrace all of ch. 144, Stats., relating to water, ice and sewage. Further, it might be noted that a county may employ any number of sanitarians under sec. 140.45, Stats., Accordingly, it appears that the action of the county board is reasonable and in keeping with the spirit as well as the letter of the law.
Based on the foregoing, I am of the opinion that the Rock County Board of Supervisors is not required to function through a county health committee in environmental sanitation activities.
RWW:WLJ